STATE of Wisconsin, Plaintiff-Appellant,

v.

Anthony HICKS, Defendant-Respondent-Petitioner.

Supreme Court

*No. 94–2542–CR. Submitted on briefs September 24, 1996.—Decided January 24, 1997.*

(Also reported in 557 N.W.2d 412.)

For the defendant-respondent-petitioner the cause was submitted on the briefs of *Robert R. Henak* and *Shellow, Shellow & Glynn, S.C.*, Milwaukee.

For the plaintiff-appellant the cause was submitted on the brief of *Stephen W. Kleinmaier*, assistant attorney general, and *James E. Doyle*, attorney general.

¶ 1.  DONALD W. STEINMETZ, J.  This is a review of a decision of the court of appeals reversing an order of the circuit court for Milwaukee County, Stanley A. Miller, Judge, dismissing one count of a criminal complaint charging Anthony Hicks with a violation of the controlled substance tax statute. The defendant, Hicks, argues that he has standing to raise a Fifth Amendment constitutional challenge[1] to Wis. Stats. §§ 139.87–139.96, the drug tax statutes, because he faces a criminal conviction for violation of these statutes.

¶ 2.  In *State v. Hall*, 207 Wis. 2d 54, 557 N.W.2d 778 (1997), this court held that the drug tax stamp statute is unconstitutional. Thus, we do not reach the standing issue presented in this case, because the defendant cannot be prosecuted for being in possession of cocaine without a tax stamp. Instead, we reverse and

---

[1] The Fifth Amendment to the United States Constitution provides, in relevant part, that "[n]o person. . .shall be compelled in any criminal case to be a witness against himself. . .without due process of law. . . ." U.S. Const. Amend. V. This amendment is applied to the states by U.S. Const. Amend. XIV, which states that "[n]o State shall. . .deprive any person of life, liberty, or property, without due process of law. . . ."

remand to the circuit court with directions to dismiss with prejudice the drug tax stamp charge.

*By the Court.*—Reversed and cause remanded with directions.